[Cite as *State v. West*, 2017-Ohio-737.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 16 MA 0131 |
| VS. | ) | |
| | ) | OPINION |
| KEVIN WEST | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case No. 2008 CR 1007

JUDGMENT:     Affirmed.

APPEARANCES:
For Plaintiff-Appellee     Attorney Paul Gains
Mahoning County Prosecutor
Attorney Ralph Rivera
Assistant Prosecutor
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant     Attorney Paul Mancino, Jr.
75 Public Square, Suite 1016
Cleveland, Ohio 44113-2098

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: February 28, 2017

DeGENARO, J.

{¶1} Defendant-Appellant, Kevin West, appeals the trial court's judgment denying his motion for leave to file a motion for new trial. As West's argument is meritless the judgment of the trial court is affirmed.

{¶2} In 2011 West was convicted of aggravated murder, an attendant gun specification and sentenced to 30 years to life. Three eye witnesses testified at trial that they saw West shoot the victim. This Court affirmed West's conviction and the main part of his sentence; it was modified to eliminate the trial court's reference to 'post-release control' as 'parole' was the appropriate terminology. *State v. West*, 7th Dist. No. 11 MA 33, 2012-Ohio-2758, ¶ 50. The Ohio Supreme Court declined to accept the appeal for review. *State v. West*, 133 Ohio St.3d 1414, 2012-Ohio-4650, 975 N.E.2d 1031.

{¶3} Almost four years later, West filed a motion for leave to file a delayed motion for new trial pursuant to Crim.R. 33, supported by two affidavits. The first was an affidavit from LaNiqua Wallace who stated that she was present the date of the shooting, witnessed the shooting, and the shooter was not West. West stated in his affidavit that "not all witnesses who witnessed the event testified." In the motion, West argued that he could not discover this evidence because he was in jail and that Wallace was not interviewed by law enforcement and was a minor. On July 28, 2016, the trial court denied the motion.

{¶4} In his sole assignment of error, West asserts:

DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION FOR A NEW TRIAL WHERE HE PRESENTED NEWLY DISCOVERED EVIDENCE ESTABLISHING ACTUAL INNOCENCE.

{¶5} To succeed on a new trial motion on the basis of newly discovered evidence under Crim.R. 33(A)(6), the defendant must show that the new evidence: "(1) raises a strong probability that the result of the case will change if a new trial is granted, (2) has been discovered since the trial, (3) could not have been discovered

prior to trial through the exercise of due diligence, (4) is material to the issues, (5) is not cumulative to other known evidence, and (6) does not merely impeach or contradict the other known evidence." *State v. Dew,* 7th Dist. No. 13 MA 174, 2016–Ohio–274, ¶ 9. However, the rule does not require a hearing to resolve the motion. *State v. Billman,* 7th Dist. No. 12 MO 3, 12 MO 5, 2013–Ohio–5774, ¶ 43.

**{¶6}** The decision to grant or deny a new trial based upon "grounds of newly discovered evidence falls within the sound discretion of the trial court." *State v. LaMar,* 95 Ohio St.3d 181, 2002–Ohio–2128, 767 N.E.2d 166, ¶ 85, citing *State v. Hawkins,* 66 Ohio St.3d 339, 350, 612 N.E.2d 1227 (1993). Similarly, whether a hearing is warranted is within the trial court's discretion. *State v. Mir,* 7th Dist. No. 12 MA 210, 2013–Ohio–2880, ¶ 7. An abuse of discretion means the trial court's decision is unreasonable based upon the record; that the appellate court may have reached a different result is not enough to warrant reversal. *State v. Dixon,* 7th Dist. No. 10 MA 185, 2013–Ohio–2951, ¶ 21.

**{¶7}** To be timely a motion for new trial based on newly discovered evidence must be filed within 120 days after the verdict. Crim.R. 33(B). If the motion is filed beyond that time frame, the defendant must demonstrate by " 'clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion.' " *State v. Brown,* 186 Ohio App.3d 309, 2010–Ohio–405, 927 N.E.2d 1133, ¶ 23 (7th Dist.) (internal citations omitted).

**{¶8}** '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *Id.* at 57 (internal citations omitted). Many courts have additionally required that motions for leave to file a delayed new trial motion must be made within a reasonable time after discovering the evidence. *Id.* at ¶ 23.

**{¶9}** West claims that he is entitled to a new trial because of newly discovered evidence as outlined in his affidavit and that of LaNiqua Wallace.

**{¶10}** West's argument is meritless because he did not establish that he was unavoidably prevented from filing his motion in a timely fashion. He should have been able to discover the substance of Wallace's proffered testimony when he was initially incarcerated. More problematic is that Wallace admits in her affidavit to being present at the time of the shooting at the house of Samantha Miller, a witness who testified at trial. West provides no explanation why Miller was not questioned about any other witnesses present, nor provides an affidavit of his trial counsel as to his knowledge regarding Wallace.

**{¶11}** Even assuming arguendo that West provided a sufficient reason for the delay, he fails to satisfy the other six criteria to be granted a new trial on the ground of newly discovered evidence. See *Dew*, supra. Wallace's statement merely contradicts the others that were given by witnesses in this case. The proffered newly discovered evidence must not merely impeach or contradict the other known testimony, which is exactly what the Wallace affidavit does. Accordingly, West's sole assignment of error is meritless.

**{¶12}** As West's motion for leave did not show by clear and convincing proof that he had been unavoidably prevented from filing his motion for leave in a timely fashion, his sole assignment of error is meritless and this matter is affirmed.

Donofrio, J., concurs.

Robb, P. J., concurs.